```
 1  James A. McDevitt
    United States Attorney
 2  Eastern District of Washington
    Russell E. Smoot
 3  Assistant United States Attorney
    Post Office Box 1494
 4  Spokane, WA 99210-1494
    Telephone: (509) 353-2767
 5
                    UNITED STATES DISTRICT COURT
 6                 EASTERN DISTRICT OF WASHINGTON
 7  UNITED STATES OF AMERICA,        )  CR-09-0015-EFS-7
                                     )
 8              Plaintiff,            )  INDICTMENT
                                     )
 9        vs.                         )  Vio:  21 U.S.C. § 846
                                     )        Conspiracy to Distribute
10  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓          )        1000 Kilograms or More
                                     )        of Marijuana
11                                    )        (Counts 1 & 2)
                                     )
12                                    )
                                     )        21 U.S.C. § 853
13                                    )        Criminal Forfeiture
                                     )        (Count 3)
14  JAMES E. MULVANEY,               )
                                     )
15  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓          )
...
27              Defendants.           )
                                     )
28
```

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FEB 11 2009

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

INDICTMENT - 1
Initial.Indictment.90211.wpd

The Grand Jury Charges:

COUNT ONE

That beginning on a date unknown, but by no later than the year 2001, until on or about February 10, 2009, in the Eastern District of Washington and elsewhere, [redacted] , JAMES E. MULVANEY, [redacted] , and others not known to the Grand Jury, did knowingly and intentionally combine, conspire, confederate and agree together with each other and with other persons, both known and unknown to the Grand Jury, to commit the following offense against the United States, to wit: conspiracy to distribute 1000 kilograms or more of Marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(vii), all in violation of 21 U.S.C. § 846.

COUNT TWO

That beginning on a date unknown, but by no later than the year 2005, until on or about February 10, 2009, in the Eastern District of Washington and elsewhere, [redacted] , and others not known to the Grand Jury, did knowingly and intentionally combine, conspire, confederate and agree together with each other and with other persons, both known and unknown to the Grand Jury, to commit

the following offense against the United States, to wit: conspiracy to distribute 1000 kilograms or more of Marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(vii), all in violation of 21 U.S.C. § 846.

COUNT THREE

Upon conviction of the controlled substance offense alleged in Count One of this Indictment, Defendants shall forfeit the assets as outlined below, to the United States pursuant to 21 U.S.C. § 853, as property constituting or derived from proceeds obtained, directly or indirectly, as a result of the said violation[s]; and/or as property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation[s], including but not limited to the following:



INDICTMENT - 4
Initial.Indictment.90211.wpd



Defendant JAMES E. MULVANEY, shall forfeit the following real

INDICTMENT - 5
Initial.Indictment.90211.wpd

property further described as follows:

<u>4138 South Tricia Court, Spokane, Washington</u>:

Lot 6, Block 1, Whispering Pines, as per Plat recorded in Volume 17 of Plats, Page 68;

Situate in the City of Spokane, County of Spokane, State of Washington.

Together with all appurtenances, fixtures, attachments thereto and thereupon.

Subject to covenants, conditions, restrictions, reservations, easements and agreements of record, if any.

Parcel No. 35344.1906.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

(a). cannot be located upon the exercise of due diligence;

(b). has been transferred or sold to, or deposited with, a third party;

(c). has been placed beyond the jurisdiction of the court;

(d). has been substantially diminished in value; or

(e). has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek

forfeiture of any other property of said Defendant(s) up to the value of the forfeitable property described above.

DATED this 11 day of February, 2009.

A TRUE BILL

James A. McDevitt
United States Attorney

Russell E. Smoot
Assistant United States Attorney